**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-4874**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY DEAN CHILDERS,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-560)

─────────────

Submitted:  October 31, 2006          Decided:  November 21, 2006

─────────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Meetze, Assistant Federal Public Defender, Julia Flumian, Second-Year Law Student, Florence, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bobby Dean Childers pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), and was sentenced to a term of seventy-two months imprisonment. Childers appeals his sentence, arguing that the district court clearly erred in denying him an adjustment for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2004), because he tested positive for drug use twice while he was on release prior to his guilty plea. We affirm.

In April 2004, Childers was arrested by state law enforcement officers, charged with possession of marijuana and possession of a firearm by a felon, and released on bond. He was indicted for the federal firearm offense in May 2004. Subsequently, the state charges were dropped in favor of federal prosecution, and Childers was continued on bond. Childers tested positive for marijuana use on January 10, 2005, and tested positive for cocaine use on February 9, 2005. His bond was revoked.

At the sentencing hearing, the government asked the court to give Childers a three-level adjustment for acceptance of responsibility because the positive drug tests occurred before his guilty plea and because Childers' plea had saved the government the time and effort of a trial. However, the district court declined to make the adjustment, noting that obtaining and using drugs on release was continued criminal conduct.

On appeal, Childers argues that the district court clearly erred in denying him the adjustment by giving undue weight to his bond violations. We review a district court's decision to grant or deny an adjustment for acceptance of responsibility for clear error. United States v. May, 359 F.3d 683, 688 (4th Cir. 2004). Under USSG § 3E1.1, a defendant "must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." May, 359 F.3d at 693 (internal quotation marks and citation omitted). "A guilty plea does not automatically entitle a defendant to a reduction for acceptance of responsibility." United States v. Kise, 369 F.3d 766, 771 (4th Cir. 2004). One of the factors the district court considers in making its determination is whether the defendant has voluntarily terminated or withdrawn from criminal conduct or associations. USSG § 3E1.1, comment. (n.1(b)).

Childers argues that the district court clearly erred by basing its decision against the adjustment only on his bond violation while ignoring other factors that weighed in favor of the adjustment. Those factors were: the government's stipulation to the adjustment; the fact that the bond violation was unrelated to the offense of conviction; and Childers' "cooperation regarding the offense," by which he apparently means his guilty plea. Childers also argues that he accepted responsibility for his drug use on

release as well as his firearm offense because he did not contest his positive drug tests.

As stated above, a guilty plea does not entitle the defendant to the adjustment, and the plea agreement specified that the government's stipulation concerning acceptance of responsibility was not binding on the district court. Moreover, although the Sixth Circuit has held that new criminal conduct unrelated to the offense of conviction may not be the basis for denial of acceptance of responsibility, see United States v. Morrison, 983 F.2d 730, 733-35 (6th Cir. 1993), this court has not adopted that rule.

Childers also contends that the unpublished opinions cited by the district court at sentencing were factually dissimilar to his and thus were not helpful in deciding his case. However, in each of the cases cited, the defendant was denied the adjustment because he used drugs while on release, conduct which constituted additional criminal conduct rather than termination of criminal conduct. We conclude that the district court did not clearly err in denying Childers a decrease in offense level for acceptance of responsibility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED